FILED 17
Honorable James C. Kirkpatrick Secretary of State State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Kirkpatrick:
This letter is in response to your opinion request asking:
 "1. Does the Secretary of State have the authority, and is he obligated, under section 446.180 RSMo, to issue a corrected patent upon the proofs outlined in the statute being presented to him?
 "2. Considering the proofs presented and attached hereto as exhibits, can and should the Secretary of State issue a patent correcting the original patent to one C. F. Holly? What form should the corrected patent take. Should it be filed for record, and if so, in what location?"
You have enclosed various exhibits for our examination. This office previously issued Opinion No. 89 dated January 3, 1951, to Walter H. Toberman, the then Secretary of State, in which we concluded that the Secretary of State may issue a corrected patent for land in cases in which the land was erroneously described in the original patent from the state after a proper showing is made. A copy of that opinion is attached, and you will note that it goes into some detail as to the procedure to be followed.
Having examined the file in this case, it is our view that the records furnished to us indicate that the original land patent issued to C. F. Holly was in error in that it granted said C. F. Holly and his heirs the Southwest Quarter (SW 1/4) of Section 18, Township 60, Range 30, purportedly containing eighty-five and sixteen hundredths (85.16) acres for a consideration of one hundred six dollars and four cents ($106.04), whereas the grant should have been for the West half (W 1/2) of the Southwest Quarter (SW 1/4) of Section 18, Township 64, Range 30. We also note that there was a slight error in the patent issued with respect to the amount of the consideration in that the amount computed at the required one dollar and twenty-five cents ($1.25) per acre for the acreage recited should have been one hundred six dollars and forty-five cents ($106.45) and not one hundred six dollars and four cents ($106.04). It would be impractical to attempt to resolve any questions raised by this deficiency.
We have examined the copies of the documents which you forwarded to us, and it is our view that the corrected patent should be issued pursuant to Section 446.180, RSMo 1969, because the persons making application for the issuance of a corrected patent have met the conditions and requirements of said section. Based on an abstract of title, prepared and sworn to by Edward M. Manring, attorney at law, Albany, Missouri, said applicants have acquired the title to the property from C. F. Holly, original patentee, by mesne conveyances as required by Section 446.180.
We have further concluded that the corrected patent should issue to C. F. Holly and his heirs and assigns. This is consistent with Opinion No. 89 dated May 12, 1953 to Walter H. Toberman, wherein it is the view of this office that corrected patents may be issued to the original patentee when the land under the patent has been subsequently divided into several parcels. A copy of that opinion is attached for your information.
We have enclosed the corrected patent which requires execution as indicated and transmission to the attorney for the applicants. You should retain a duplicate for your files. We assume you have the original documentary proof supplied by the applicants under Section 446.180.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures